I «SOL GOTHARD, Judge.
On August 22, 1991 Alice Clapper, wife of/and Michael Indest filed a lawsuit seeking to rescind their' purchase of residential property because of redhibitory defects. On July 13, 1993 plaintiffs filed a “First Supplemental and Amending Petition” adding Kay Wingate (a listing agent representing the sellers), Property Plus, Inc. *511 (Ms. Wingate’s broker), and Bankers Multiple Line Insurance Company (insurer) as defendants.
On August 15, 2001, plaintiffs filed a “Motion and Incorporated Memorandum in Support to Disqualify Counsel” requesting that the court disqualify the attorney representing Kay Wingate, Property Plus, Inc., and Bankers Multiple Line Insurance Company (hereinafter defendants). Plaintiffs argued that defendants’ counsel must be disqualified as attorney of record in this matter because his representation of Kay Wingate regarding issues of fraud, negligent misrepresentation, and intentional conduct creates a direct conflict of interest with Property Plus, Inc. and insurer Bankers Multiple Line Insurance Company, in violation of Rule of Professional Conduct 1.9. In a judgment dated August 24, 2001 the court denied said motion and stated that counsel for defendants shall file into the record an affidavit on behalf of each defendant stating that they have been informed of any potential conflicts regarding the representation of their attorney 1¡¡and that they are willing to waive any such conflict and waive any appellate rights regarding this issue. Said affidavits were to be filed within two weeks of the signing of the judgment. The judge further provided that if the affidavits were not filed, the court would reconsider the motion to disqualify counsel. The record does not disclose that these affidavits were filed at that time.
Plaintiffs filed a “Second Motion and Incorporated Memorandum in Support to Disqualify Counsel” on October 15, 2001 reiterating the allegations of the first motion to disqualify.
There was no action taken on this matter until September 2, 2002 when an affidavit by defendant Kay Wingate was filed for record. In said affidavit Ms. Wingate stated that she had been informed of any potential conflicts regarding the representation of defendants’ attorney and that she was willing to waive any such conflict to continue counsel’s representation. She further stated that she would waive any such “conflict agreement” in the appellate court.
On September 5, 2002 a hearing was held on plaintiffs second motion to disqualify counsel at which defense counsel was not present.[1] On September 13, 2002 the court granted plaintiffs’ motion as it pertained to defendants Property Plus, Inc. and Bankers Multiple Line Insurance Company and ordered said defendants to obtain new counsel.
Defendants filed a “Motion For Rehearing and/or New Trial on the Grounds that the September 13, 2002 Order of the Court is Contrary to the Law and Evidence,” which was denied on September 30, 2002.
It is from the September 13, 2002 judgment that defendants Property Plus, Inc. and Bankers Multiple Line Insurance Company (hereinafter appellants) are appealing.
Lin brief to this Court, appellants’ counsel argues that there is no conflict of interest among the three defendants he represents and that said clients have never complained about his representation. He further argues that the trial court abused its discretion in ordering counsel to obtain waiver affidavits.
Appellees/plaintiffs note that it was stipulated in court that Ms. Wingate was in *512 the course and scope of her employment with Property Plus, Inc. at all times pertinent. Appellees/plaintiffs assert that therefore Ms. Wingate was insured by Bankers Multiple Line Insurance Real Estate Agents’ Errors and Omissions Liability Policy and that said policy excludes claims arising out of dishonest, fraudulent, error or omission. Appellees/plaintiffs further assert that defendant Kay Wingate’s actions are actionable under theories of fraud, negligence, negligent misrepresentation, and intentional failure to disclose information concerning the property. Therefore, appellees/plaintiffs argue that Kay Wingate has a totally adverse legal position from her co-defendant Bankers Multiple Line Insurance Company.
We note ex proprio motu that plaintiffs have not asserted any facts which would indicate to this Court that they have standing to bring this action to disqualify defense counsel. There is no indication that defense counsel has ever represented plaintiffs in any capacity whatsoever.
The prohibition in the Rules of Professional Conduct, cited by plaintiff, does not extend to plaintiffs in these circumstances. Therefore, we find that plaintiffs have failed to state a right or interest to bring a motion to disqualify defense counsel. La. C.C.P. art. 927. We vacate the judgment of the trial court and remand to the district court for further proceedings.

VACATED AND REMANDED

. Defense argues in brief to this court that he subsequently obtained an affidavit executed by defendant Bankers Multiple Line Insurance Company. However the affidavit was not filed in the record at the time of the hearing and cannot be considered by this Court.